[Civ. No. 17977. Fourth Dist., Div. Two. Nov. 18, 1977.]

MARVIN W. MARCUS et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
MARK TARSON, Real Party in Interest.

206

## COUNSEL

Mitchell, Silberberg & Knupp, Howard S. Smith and David S. Gubman for Petitioners.

No appearance for Respondent.

Howard G. Sonksen and Fred S. Pardes for Real Party in Interest.

## OPINION

**KAUFMAN, J.**—The petitioners filed a motion to stay proceedings pending the outcome of an arbitration proceeding which was ordered pursuant to a motion to compel arbitration. The motion to stay proceedings was denied. Petitioners seek a writ of mandate. We have concluded that Code of Civil Procedure section 1281.4[1] required the granting of the motion to stay proceedings. Accordingly, we grant a peremptory writ.

Real party in interest, Mark Tarson (hereinafter real party), apparently purchased a beauty salon franchise from Cut & Curl, Inc. and entered into a written franchise agreement for that purpose. When the franchise proved unprofitable, real party brought suit against Cut & Curl alleging that he had been fraudulently induced to enter into the franchise agreement. Real party named as additional defendants in that suit Marvin W. Marcus, Don vonLiebermann, Karl Stanley, and Edie Adams (collectively referred to as petitioners). With the exception of Edie Adams, the remaining petitioners are officers of Cut & Curl. The

[1]All statutory references are to Code of Civil Procedure unless otherwise indicated.

involvement of Edie Adams appears to be that she has licensed Cut & Curl to use her name as part of a trade name for the beauty salon franchises sold by Cut & Curl. In addition to the allegations of fraud and misrepresentation, real party alleged that Cut & Curl was merely the alter ego of the individually named petitioners and he sought to impose personal liability on them for any corporate liability arising from this action.

The franchise agreement between real party and Cut & Curl contained a valid arbitration clause. Cut & Curl petitioned for an order compelling arbitration of the dispute pursuant to the arbitration clause (see Code Civ. Proc., § 1281.2) and for an order granting a stay of the judicial proceedings pending the outcome of the arbitration proceeding (see Code Civ. Proc., § 1281.4). Such orders were entered. At the same time, petitioners herein moved for a stay of proceedings pending the outcome of the arbitration. The trial court denied the motion and this petition for mandate followed. Originally we summarily denied petitioners' application. The Supreme Court granted hearing and retransferred the case to us with directions to issue an alternative writ. We complied.

The parties do not dispute the propriety of the order compelling arbitration between real party and defendant Cut & Curl, nor do they dispute the propriety of the stay order entered on the latter's motion. What is disputed, is the propriety of the trial court's refusal to stay proceedings on motion of the petitioners pending the outcome of the arbitration proceeding.

Petitioners contend that section 1281.4 requires the proceedings to be stayed. Real party in interest urges that:

(1) Section 1281.4 is inapplicable as petitioners are not parties to the arbitration agreement;

(2) Even if section 1281.4 is applicable, legal issues are involved in the judicial proceedings and the arbitrator has no power to pass upon such issues;

(3) Severable issues exist as to petitioners, which are not subject to arbitration, and which even if determined in the arbitration proceeding would not be entitled to collateral estoppel effect;

(4) Requiring real party to await the outcome of the arbitration before proceeding against the petitioners could subject him to the risk that the five-year period within which to bring the case to trial as prescribed in section 583, subdivision (b) might expire, thus precluding his claim against petitioners altogether; and

(5) The trial court simply exercised its discretion in favor of severing certain of the issues involved in the judicial proceeding from those which are subject to arbitration, and petitioners have failed to show an abuse of such discretion.

## DISCUSSION

### 1. *Applicability of Section 1281.4*

Section 1281.4 provides: "If a court of competent jurisdiction, whether in this State or not, has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of *a party to such action* or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies." (Italics added.) ▮ The clear language of the statute compels the conclusion that any party to a judicial proceeding, whether a party to an arbitration agreement or not, is entitled to a stay of those proceedings whenever (1) the arbitration of a controversy has been ordered, and (2) that controversy is also an issue involved in the pending judicial action. It is irrelevant under the statute whether the movant is a party to the arbitration agreement. As stated in *Cook v. Superior Court*, 240 Cal.App.2d 880, 885 [50 Cal.Rptr. 81], "Code of Civil Procedure section 1281.4 seems broad enough to vest the court with authority to stay 'the action or proceeding' as to all issues, as to all causes of action, and as to all parties, until arbitration is concluded . . . ." ▮ Real party's contention that section 1281.4 is inapplicable is therefore without merit.

### 2. *Arbitrator's Power to Pass Upon Legal Issues*

Real party's somewhat convoluted second argument seems to be that certain legal issues are involved in the judicial action (e.g., the individual petitioners' liability for fraud, petitioners' and Cut & Curl's liability for punitive damages, and the liability of petitioners on a veil piercing theory) and that the arbitrator has no power to pass upon such issues. To

the extent real party is simply contending that these issues are severable from other issues which are subject to arbitration, the contention will be discussed *infra*. ■ However, to the extent real party is maintaining that an arbitrator cannot pass upon legal issues, as distinct from factual issues, his contention is without merit.

Section 1280, subdivision (c) defines controversy as "any question arising between parties to an agreement whether such question is one of *law or of fact or both*." (Italics added.) Section 1283.4 provides: "The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of *all the questions submitted* to the arbitrators the decision of which is necessary in order to *determine the controversy*." (Italics added.) Finally, section 1286.2 which sets forth the grounds upon which an arbitration award may be vacated, makes no reference at all to "errors of law." And, in fact, pursuant to the great weight of authority in California, an error of law by an arbitrator is not a ground for vacating an award. (*State Farm Mut. Auto. Ins. Co.* v. *Guleserian*, 28 Cal.App.3d 397, 402 [104 Cal.Rptr. 683], and cases cited therein.) The entire statutory arbitration scheme is designed to give the arbitrator the broadest possible powers. Among these, clearly, is the power to pass upon legal, as distinct from factual, issues so long as they are a part of the "controversy" which is subject to arbitration.

## 3. *Existence of Severable Issues*

■ Real party's next argument appears to be that severable issues exist as to the petitioners since they are not signatories of the arbitration agreement and the arbitrator cannot therefore make a determination of their individual liability which will be binding upon them. Real party argues that the doctrine of collateral estoppel will not apply in a subsequent proceeding even if the arbitrator determines that Cut & Curl is liable on the theories contained in real party's complaint. Neither the judgment for real party on confirmation of the award pursuant to section 1287.4,[2] nor an express finding by the arbitrator that petitioners were acting within the course and scope of their employment when the alleged tortious acts were committed would be binding upon the petitioners as they are not parties to the arbitration proceeding. (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892]; *Lynch* v. *Glass*, 44 Cal.App.3d 943, 947 [119 Cal.Rptr. 139].)

[2]Section 1287.4 provides: "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered."

It is important to note that real party is not contending that the arbitration proceeding will not involve the issues of whether petitioners engaged in any tortious conduct and, if so, whether they were acting within the course and scope of their employment at the time. Rather, he is arguing that the resolution of these issues will not have collateral estoppel effect.

(4) Though real party cites no authority for the proposition that individual shareholders may contest corporate liability in an action based on an alter ego theory, even though a binding judgment against the corporation has previously been rendered, our research indicates that the cases do in fact support this proposition. (*Minton* v. *Cavaney*, 56 Cal.2d 576, 581 [15 Cal.Rptr. 641, 364 P.2d 473]; *Motores De Mexicali* v. *Superior Court*, 51 Cal.2d 172, 176 [331 P.2d 1]; see, e.g., *Dillard* v. *McKnight*, 34 Cal.2d 209, 214-215 [209 P.2d 387, 11 A.L.R.2d 835].)[3]

The point of real party's argument appears to be that judicial economy and the expeditious resolution of controversies will not be served in this case by the entry of a stay order pending the outcome of the arbitration proceeding. In other words, a favorable judgment for real party would not prevent the relitigation of the same questions involved in the arbitration proceeding, i.e., whether the petitioners engaged in tortious conduct, if so, whether it was within the course and scope of their employment, and whether the corporation is liable therefor.

We agree with real party's logic as far as it goes. Obviously one of the purposes of section 1281.4 is to promote the expeditious and efficient settlement of disputes and eliminate multiplicity of actions. (See, e.g., *Madden* v. *Kaiser Foundation Hospitals*, 17 Cal.3d 699, 714-715 [131 Cal.Rptr. 882, 552 P.2d 1178]; *Seidman & Seidman* v. *Wolfson*, 50

---

[3]There is no conflict between the proposition stated in the text and the holding in *Schoenberg* v. *Romike Properties*, 251 Cal.App.2d 154 [59 Cal.Rptr. 359]. Although cited in 1A Ballantine & Sterling, California Corporation Laws (4th ed. 1977) section 299.04, page 14-42, for the proposition that a joint-debtor proceeding (Code Civ. Proc., § 989 et seq.) against a nonparty shareholder on a veil piercing theory is an appropriate procedure for enforcing a judgment entered against a corporate defendant, both Ballantine and *Schoenberg* require more. In *Schoenberg*, the court expressly stated: "It is well settled that the authority of the court will be exercised to impose liability under a judgment upon the *alter ego* [original italics] who has had control of the [previous] litigation." (Emphasis added.) (*Schoenberg* v. *Romike Properties*, 251 Cal.App.2d at p. 168.) This element of control of the litigation is a key concept in determining whether the doctrine of collateral estoppel can be applied against one who would otherwise be considered a nonparty to the previous litigation. (See *Motores De Mexicali* v. *Superior Court*, *supra*, 51 Cal.2d at p. 175; *Dillard* v. *McKnight*, *supra*, 34 Cal.2d at p. 216; *Lynch* v. *Glass*, *supra*, 44 Cal.App.3d at p. 949.)

Cal.App.3d 826, 835 [123 Cal.Rptr. 873]; *Lewsadder* v. *Mitchum, Jones & Templeton, Inc.,* 36 Cal.App.3d 255, 259 [111 Cal.Rptr. 405].) ■■ However, real party has presented but one side of the coin.

Any finding by the arbitrator that the corporation is *not* liable will significantly limit the issues subject to determination in a subsequent judicial action. A finding by the arbitrator that no tort was committed and therefore that no corporate liability exists would be binding on real party in a subsequent suit seeking to establish liability on the part of petitioners. (*Bernhard* v. *Bank of America, supra,* 19 Cal.2d at p. 814; *Vanguard Recording Society* v. *Fantasy Records,* 24 Cal.App.3d 410, 417 [100 Cal.Rptr. 826].) Similarly, if the arbitrator determines that the corporation is not liable because the petitioners were acting outside the course and scope of their employment, a subsequent action would be necessary, but then only on the issue of petitioners' individual tortious conduct, the veil piercing theory having been mooted by the award in favor of the corporation. Thus it appears that a stay might well simplify the pending action and/or prevent multiple litigation of issues.

■■ Moreover, section 1281.4 speaks only to "a controversy which is an issue involved in an action . . . pending before a court. . . ." It states that ". . . the court . . . shall, upon motion of a party, . . . stay the action . . . ." There is no suggestion in the statute that a stay is required only if the "controversy" is one to which collateral estoppel effect will be given in a subsequent action. ■■ Here, clearly, the controversy subject to arbitration involves the questions of the tortious conduct of the individual petitioners, whether the individual petitioners were acting within the course and scope of their employment, and whether the corporation is therefore liable for their actions. Since punitive damages are sought against the corporation, this too is a controversy subject to arbitration. These questions are also issues involved in a pending court proceeding against the individual petitioners. No more is required to bring section 1281.4 into play by its very terms.

4. *Mandatory Dismissal for Failure to Prosecute Within Five Years*

■■ Real party's asserted fear, that the granting of a stay will subject him to the risk that the five-year period prescribed by section 583, subdivision (b) will expire, is unfounded. In determining whether the prescribed five-year period has expired, time during which it is impossible or impracticable to proceed to trial is excluded. (See, e.g., *Crown Coach Corp.* v. *Superior Court,* 8 Cal.3d 540, 547-548; esp. fn. 5

[105 Cal.Rptr. 339, 503 P.2d 1347]; *Brunzell Constr. Co. v. Wagner,* 2 Cal.3d 545, 553-554 [86 Cal.Rptr. 297, 468 P.2d 553]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, §§ 94, 103-106, pp. 2755, 2765-2772.) While the stay order is in effect, it will be impossible or impracticable to proceed to trial. Therefore, the five-year period cannot expire because a stay is ordered.

## 5. *Discretionary Severance of Non-Arbitrable Issues*

■ Real party's contention that the trial court exercised its discretion to grant a stay only as to those issues which constitute the controversy subject to arbitration as provided in section 1281.4 is without merit. True, the statute says that the court may so restrict any stay order,[4] and it has been held that the court may limit any stay to those issues subject to arbitration. (*Madden v. Kaiser Foundation Hospitals, supra,* 17 Cal.3d at p. 714.) Yet, this is of no avail to real party. First, the trial court did not purport to deny the stay only as to severable issues. It denied the stay outright. Second, there are no severable issues, with the possible exception of the veil piercing issue. Even that issue, however, is dependent upon liability of the corporation, which issue is arbitrable.

## DISPOSITION

Let a peremptory writ of mandate issue to the Orange County Superior Court commanding it to vacate its order denying petitioners' motion for stay of proceedings and to enter its order granting the motion. The alternative writ heretofore issued is discharged.

Gardner, P. J., and Morris, J., concurred.

---

[4] The concluding paragraph of Code of Civil Procedure section 1281.4 reads: "If the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only."