[No. B044815. Second Dist., Div. Three. Mar. 27, 1991.]

WILSHIRE BUNDY CORPORATION et al., Plaintiffs and Appellants, v.
ERNEST AUERBACH et al., Defendants and Respondents.

## COUNSEL

Stephen S. Monroe and Timothy S. Harris, for Plaintiffs and Appellants.

Grossman, Grant, Cowan & Cramer and Robert W. Woods for Defendants and Respondents.

## OPINION

**CROSKEY, J.**—The plaintiffs and appellants Wilshire Bundy Corporation, a California corporation, doing business as Sy's Deli, Murray Shulman and Seymour Levy (collectively plaintiffs) appeal an order of dismissal made under Code of Civil Procedure sections 583.310 and 583.360[1] for failure to bring the case to trial within five years. Such dismissal order was entered in favor of the defendants and respondents, Ernest Auerbach, Israel Freeman, Kenneth Horowitz, Ernest Auerbach Company, E.K.I. Industries, Kenny's Deli, Inc., a California corporation, Allen Weinstock and Irma Freeman (collectively defendants).

As we hold that section 583.340[2] does not require the trial court to exclude from the five-year period the time during which the case was improperly removed from the civil active list by the clerk, and that such period had expired without the case being brought to trial,[3] we find that the dismissal order was proper. We therefore affirm.

---

[1] Unless otherwise indicated, all code references are to the Code of Civil Procedure.

Section 583.310 provides:

"An action shall be brought to trial within five years after the action is commenced against the defendant."

Section 583.360 provides:

"(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.

"(b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

[2] Section 583.340 provides:

"In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

"(a) The jurisdiction of the court to try the action was suspended.

"(b) Prosecution or trial of the action was stayed or enjoined.

"(c) *Bringing the action to trial, for any other reason, was impossible, impracticable, or futile.*" (Italics added.)

[3] As we explain, the running of the five-year statute had been properly tolled under section 583.350 while a prior dismissal was on appeal. Section 583.350 provides:

"If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period

### Factual and Procedural Background

This case arises from a dispute over the sale of Kenny's Deli (the deli), a restaurant located on the west side of Los Angeles which plaintiffs purchased from the defendants in March of 1981. Plaintiffs filed an action for damages, rescission and injunctive relief on June 23, 1982, claiming that intentional and negligent misrepresentations of past and anticipated income had been made which induced their decision to purchase the restaurant. After certain law and motion proceedings, plaintiffs filed a first amended complaint on January 10, 1983, and defendants filed their answer on January 23, 1983.[4]

Plaintiffs filed an at-issue memorandum on February 14, 1985. This resulted in the issuance of an order on April 29, 1985, requiring the parties to attend a judicial arbitration conference on July 1, 1985. Plaintiffs appeared at that conference but defendants did not. At that time the court determined that the case was not a proper case for judicial arbitration proceedings and made an order so stating. Notice of this action was mailed to the defendants.[5] Under procedures then applicable to the Los Angeles Superior Court, the case was to remain on the civil active list until it was eligible for assignment to mandatory settlement conference and trial. Given the court congestion then extant, it would have been the reasonable expectation of counsel that the case would receive such assignments sometime during December 1986 or January 1987.

Without notice to the plaintiffs, and for reasons which are not explained in the record, the clerk took the case off the civil active list on April 7, 1986.[6] As a result, no assignment of mandatory settlement conference or trial dates was made by the court. It is also not clear from the record

---

of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension."

[4] The record reflects that, on September 30, 1982, defendants had filed two separate actions against plaintiffs which are related to this ill-fated transaction:

(1) An unlawful detainer action in which defendants sought to regain possession of the restaurant premises when plaintiffs failed to make timely lease payments (E.K.I. Industries v. Wilshire Bundy Corp. (Super. Ct. L.A. County, 1982, No. WEC 076459)). E.K.I. Industries ultimately obtained a judgment; and

(2) An action to enforce the purchase promissory note and the purchase agreement as to which the plaintiffs were then allegedly delinquent (Kenny's Deli v. Wilshire Bundy Corp., (Super. Ct. L.A. County, 1982, No. WEC 976460)). This action was stayed by separate bankruptcy petitions filed on behalf of the several plaintiffs.

[5] Defendants acknowledged receipt of this notice but denied ever receiving notice of the conference itself, thus explaining their failure to appear.

[6] There is no claim made herein nor do we assume that such action by the clerk was due to any act, or omission of the plaintiffs. It was an error chargeable entirely to court personnel.

whether the plaintiffs ever took any steps to discover why they had not received the anticipated assignments. However, the record does reflect that, on January 26, 1987, plaintiffs filed a motion to specially set the case for trial. The motion was made on the ground that the five-year statute would run out on June 23, 1987. It was granted over the opposition of the defendants, but without prejudice to their right to file a motion for a discretionary dismissal of the action for a failure to prosecute the case. The court set April 10, 1987, for the mandatory settlement conference and April 20, 1987, for trial.

Defendants filed their motion to dismiss on March 11, 1987. It was heard and granted by the court on April 2, 1987. On the same date, the court entered an order of dismissal.[7] On plaintiffs' appeal, we reversed, concluding that the trial court had abused its discretion in ordering the case dismissed.[8] At the time the plaintiffs had noticed their appeal on April 6, 1987, there remained 78 days before the expiration of the original 5-year statutory period.

The remittitur on our decision reversing the order of dismissal was filed on September 28, 1988. Thereafter, plaintiffs took no action to bring the case to trial. On June 30, 1989, over nine months after the remittitur was filed, defendants filed a motion for a mandatory dismissal under sections 583.310 and 583.360. Plaintiffs opposed the motion primarily on the ground that they were entitled to a period of three years to bring the case to trial from and after the filing of the remittitur under section 583.320, subdivision

---

[7] The trial court articulated the following reasons for granting defendants' motion in its minute order:

"The court naturally gives great weight to the interests specified in Code of Civil Procedure § 583.130 [requiring that the 'policy favoring trial or other disposition of an action on the merits' is generally to be preferred over one requiring dismissal for failure to proceed with diligence]. However, this is a case where nothing was done since the filing of an answer in June 1983, other than the filing of an at-issue memorandum February 14, 1985. Plaintiff failed to comply with the arbitration order of Judge Eagleson of April 29, 1985 and the case was taken off the civil active list on April 7, 1986. No diligence has been shown as to any pretrial matters. The complexity of the case has not caused delays. No extensions of time have caused delays. The delay in this case was not due to court congestion; rather it was occasioned by a lack of diligence. An earlier trial date would have been available had the case been diligently prosecuted. The justification of a lack of funds, apart from its self-serving nature is not persuasive. After weighing all of the relevant factors (rule 373, subd. (e), Rules of Court), the motion is granted for failure to have diligently prosecuted this case. (CCP § 583.410.)"

[8] Our unpublished opinion (in case No. B026916) was filed on July 25, 1988, and it sets forth the factual and procedural history in greater detail than the brief summary included here. Such history is more relevant to our earlier decision than it is to the issue now before us and we therefore see no need to repeat it here. The background described here is sufficient to explain and support the decision which we reach.

(a)(3).[9] The motion was granted on July 21, 1989 and an order of dismissal was signed and filed the same date. ██ The trial court's ruling was based on section 583.350 which required that plaintiffs bring the case to trial within six months after the date of the remittitur.[10] Obviously, plaintiffs had failed to bring the case to trial within that period.

### CONTENTIONS OF THE PARTIES

██ Plaintiffs do not dispute that the trial court's ruling was correct if, at the time the remittitur was filed, only seventy-eight days remained to bring the case to trial under the five-year statute, thus triggering the six-month provision of section 583.350. However, they contend that an additional 315 days should have been excluded from the computation of the 5-year period, thus making the trial court's dismissal premature. They argue that the period during which the case was improperly removed from the civil active list (April 7, 1986 until February 17, 1987) should not have been counted since during such time it was "impossible" to bring the case to trial.

The defendants respond that the removal of the case from the civil active list had nothing whatever to do with plaintiffs' failure to bring the case to trial. This, they claim, was entirely due to plaintiffs' own subsequent negligence and failure of diligence. Therefore, they argue, there is no basis in reason or in law to exclude such period from the calculation of the five-year period.

### DISCUSSION

1. *A Plaintiff Has a Duty of Diligence*

██ As we and other courts have repeatedly asserted, a plaintiff has an unavoidable duty to exercise reasonable diligence to ensure that a case is brought to trial within statutory time constraints. (*Hill* v. *Bingham* (1986)

---

[9] This was clearly an erroneous position since we had not reversed a judgment and remanded for a new trial, but rather had reversed an order of dismissal for failure to diligently prosecute. Plaintiffs now concede the point and do not urge it in this appeal.

[10] Defendants have expressed the view that section 583.350 refers to a tolling or extension "pursuant to statute" and that no statute recognizes a tolling of the period from the filing of the notice of an appeal from an order of dismissal until the filing of the remittitur, but rather it is an "implied exception" to the five-year statute recognized by case law. (*Fannin Corp.* v. *Superior Court* (1974) 36 Cal.App.3d 745, 750 [111 Cal.Rptr. 920].) However, it seems clear to us that such a tolling period *is* effectively recognized by section 583.340, subdivision (c) (see fn. 2, *ante*). During the period a prior dismissal is being reviewed on appeal it would obviously be impossible to bring the case to trial. The point is not particularly important here since, in any event, defendants assumed, when they filed their motion on June 30, 1989, that the six-month period set out in section 583.350 did apply.

181 Cal.App.3d 1, 10-11 [225 Cal.Rptr. 905].) The exercise of such diligence includes the obligation to monitor the case in the trial court to ascertain whether any filing, scheduling or calendaring errors have occurred. (*Mesler* v. *Bragg Management Co.* (1990) 219 Cal.App.3d 983, 994 [268 Cal.Rptr. 522].) This is particularly true where the circumstances are such that a party should reasonably conclude that the court has in fact made some calendaring error. (*Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134, 139-140 [199 Cal.Rptr. 295].) In that event, the burden must fall upon the plaintiff to act with special diligence to ensure that the case is set for trial in a timely manner. Indeed, the diligence required of a litigant increases as the five-year deadline approaches. It is then that the greatest diligence is required. (*Freedman* v. *Pacific Gas & Electric Co.* (1987) 196 Cal.App.3d 696, 703 [242 Cal.Rptr. 8]; *Wale* v. *Rodriquez* (1988) 206 Cal.App.3d 129, 133 [253 Cal.Rptr. 382].)

### 2. *Removal of the Case From Civil Active List Will Not Justify Tolling Statutory Period*

██ From an examination of this record, it is clear that plaintiffs offer no valid reason for their failure to bring this case to trial within six months of the date when the remittitur was filed. Indeed, plaintiffs do not seem to dispute the point but rather argue that the period that the case was not on the civil active list should not be counted and thus they were not limited by such six-month period. However, this contention begs the threshold question as to whether the fact that the case had been improperly removed from the list can be equated with impossibility, impracticality or futility.

Before their codification into section 583.340, subdivision (c) in 1984, case law had recognized these three circumstances as implied exceptions to the five-year statute set out in former section 583, subd. (b). (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 237-238 [197 Cal.Rptr. 546, 673 P.2d 216].) The reasoning underlying such exceptions was to foster and implement the dismissal statute. ██ "The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years . . . ." (*Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 532 [71 P.2d 205, 112 A.L.R. 1153]; accord *Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 238.)

██ "What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case. [¶] The 'reasonable diligence' standard is an appropriate

guideline for evaluating whether it was impossible, impracticable, or futile for the plaintiff to comply with [the statutory five-year constraint] *due to causes beyond his or her control.*" (*Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 238.) (Italics added.)

In *Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court (Hudson)* (1990) 217 Cal.App.3d 464 [266 Cal.Rptr. 50], the court held that a failure to bring the case to trial could not be justified under section 583.340 on the ground that plaintiff's counsel had been ill for a period of 77 out of the 723 days. As the court noted, the claim by plaintiff that counsel's periods of physical disability prevented the trial raised the question as to "what it means to say that '[b]ringing the action to trial, . . . was impossible, impracticable, or futile' by reason of the claimed disability. That implies a causal connection between disability and impossibility. That cannot mean that for any reason unconnected to the progress of the case the plaintiff does not have it within his power to bring the case to trial during the statutory period. If that were the sole criterion the statutorily prescribed five years would never be applicable. The ordinary and usual proceedings in the course of the prosecution of an action necessarily entail some periods during which the plaintiff cannot literally bring the matter to trial, as for example the period during which the defendant hospital has the right to answer. Such periods are not within the reach of the impossible, impracticable, or futile standard." (*Id.* at pp. 471-472.)

This view was well summarized by the court in *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254 [10 Cal.Rptr. 314]. The court stated that, " ' ". . . even though a part of the five-year period must necessarily be consumed in service of process, disposition of demurrers, amendment of the pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; . . . the section does not contemplate that time consumed in such ordinary proceedings are to be excluded from a computation of the five-year period." ' [Citations.] [¶] The purpose of the statute is 'to prevent *avoidable* delay for too long a period.' [Citation.] Those instances which constitute the impossibility, impracticability or futility which come within the time impliedly excepted from the statutory period must be determined in the light of the purpose of the statute. As a consequence, every period of time during which the plaintiff does not have it within his power to bring the case to trial is not to be excluded in making the computation." (*Id.* at pp. 257-258.) Because the correction of court calendaring errors are matters easily discoverable by the diligent plaintiff, the courts have refused to recognize such a circumstance as a basis for concluding that it was either "impossible" or "impracticable" to bring a case to trial. (*Mesler* v. *Bragg Management Co., supra,* 219

Cal.App.3d at pp. 994-995; *Hill* v. *Bingham, supra,* 181 Cal.App.3d at pp. 10-11; *Karubian* v. *Security Pacific Nat. Bank, supra,* 152 Cal.App.3d at pp. 139-140.)

■ The diligent plaintiff has no need for a tolling period. An available remedy is at hand to correct calendaring or other errors made by the court or its clerk in the scheduling of a case. Upon timely discovery of the problem, a motion to specially set may be made and the court is bound to grant it. (See *Schmitt* v. *Superior Court* (1989) 216 Cal.App.3d 453, 456-457 [264 Cal.Rptr. 806]; *Campanella* v. *Takaoka* (1984) 160 Cal.App.3d 504, 510 [206 Cal.Rptr. 745], disapproved on another point in *Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 346 [228 Cal.Rptr. 504, 721 P.2d 590].) In short, this is a matter that is within the reasonable control of the diligent plaintiff and is thus avoidable. Moreover, if the improper removal from the civil active list justified a tolling regardless of the plaintiff's reasonable diligence in discovering and correcting such error, the negligent or dilatory plaintiff would be rewarded at the expense of the system and the rule requiring a plaintiff to diligently monitor the case would be undermined.

### 3. *There Must Be a Causal Relationship Between the Failure to Bring the Case to Trial and the Claimed Impossibility*

■ "The text of section 583.340 impels the view that there must be a causal connection between the circumstance upon which plaintiff relies and the failure to satisfy the five-year requirement. Bringing the action to trial must be impossible, impracticable, or futile for the reason proffered. This is consistent with the earlier case law requirement that 'the party is unable, from causes beyond his control, to bring the case to trial[.]' (*Christin* [v. *Superior Court*], *supra,* 9 Cal.2d at p. 532.)" (*Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court (Hudson), supra,* 217 Cal.App.3d at p. 473.)

■ It is clear here that the fact that plaintiffs' case was off the civil active list did not contribute in any significant way to their failure to bring the case to trial. Had the case not been improperly removed, assignment of mandatory settlement conference and trial dates would not have been made appreciably earlier. Indeed, it appears that counsel *was* diligent in noticing that the anticipated assignments had not been made within the expected time frame and did make a successful motion to correct the clerk's error. This was done while ample time remained to obtain an appropriate trial assignment. In fact, the assigned trial date was more than 60 days prior to expiration of the mandatory period. But for the trial court's erroneous dismissal of the case on April 2, 1987, there would have been no problem.

We corrected that error (see fn. 8, *ante*), but plaintiffs then simply failed to bring the case to trial.

Seventy-eight days remained before expiration of the statutory period when plaintiffs noticed their appeal from the April 2, 1987, order. Thus, when the remittitur was filed on September 28, 1988, the provisions of section 583.350 came into play and plaintiffs had a total of *six months* to obtain a trial date and commence the trial. Nowhere in the record is there any reason given for their failure to do so other than the now conceded misapprehension of the applicable law. However, that was a failure of legal skills on the part of plaintiffs' counsel and was entirely unrelated to the earlier error of the court clerk in removing the case from the civil active list.

The problem with plaintiffs' argument in this regard is that they assume their conclusion. They contend that no causation requirement may be imposed if in fact they are entitled to the benefit of the tolling statute to exclude some previously included portion of the five-year period. Plaintiffs rely heavily on *New West Fed. Savings & Loan Assn.* v. *Superior Court* (1990) 223 Cal.App.3d 1145 [273 Cal.Rptr. 37]. There, the court held that ". . . it is clear that so long as the court may conclude that there was a period of impossibility, impracticability or futility, over which plaintiff had no control, the court is required to toll the period even if there is ample time after said period of impracticability within which to go to trial." (*Id.* at p. 1155.) Plaintiffs have seized upon this case to support their contention that they are entitled to the tolling period (of 315 days), even though the reason they failed to obtain a timely trial date had nothing to do with the removal of the case from the civil active list but rather was solely due to the subsequent failure of their counsel to timely set the case after their successful appeal from the earlier dismissal. However, *New West* does not support them.

Just as in *Sierra Nevada*, the threshold and dispositive question here is whether an absence from the civil active list brought this case within the provisions of section 583.340, subdivision (c). Plaintiffs cannot simply assume an affirmative response. In *New West*, the court found that a tolling was required during a 55-day period when plaintiff had pending a writ petition before the court of appeal. The court held that *if* a party is entitled to have a period of time tolled then it does not matter if the event justifying such tolling is not in any way related to the event which allegedly brought about the failure to obtain a timely trial date. However, that rule does not help us make the initial determination as to whether the particular circumstance constitutes an "impossibility" within the meaning of the statute.

## Conclusion

Plaintiffs cite us to no case involving the precise factual context presented by this appeal. ■ That a clerk has a clear duty to move a case on the civil active list and to keep the parties notified of their status cannot be questioned. (*Karubian v. Security Pacific Nat. Bank, supra*, 152 Cal.App.3d at p. 137.) However, the clerk's error in the improper removal of the case from the civil active list does not implicate the tolling provisions of section 583.340, subdivision (c). The consequences of such an error are always avoidable by the exercise of diligence, and it is the duty of a plaintiff to oversee and monitor the progress of the case. We therefore reject plaintiffs' premise. This case is not entitled to a tolling period for the time it was off the civil active list.

## Disposition

The order of dismissal is affirmed. Costs on appeal to the defendants.

Klein, P. J., and Danielson, J., concurred.

Appellants' petition for review by the Supreme Court was denied July 10, 1991.