Filed 12/10/24  Bayramoglu v. Nationstar Mortgage CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| SUKRU BAYRAMOGLU et al., | C100174 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34201400166510CUORGDS) |
| v. | |
| NATIONSTAR MORTGAGE LLC, | |
| Defendant and Respondent. | |

Plaintiffs Sukru and Gulay Bayramoglu, proceeding in propria persona, appeal from an order dismissing defendant Nationstar Mortgage LLC (Nationstar) for failure to bring the action to trial within the five-year period required by Code of Civil Procedure section 583.310.[1]  Finding no error, we will affirm.

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

1

# I. BACKGROUND[2]

The Bayramoglus entered into a loan modification agreement with Nationstar in November 2011. (*Bayramoglu, supra,* 51 Cal.App.5th at p. 730.) The agreement purported to set forth the new principal balance of the loan; however, the Bayramoglus believed their actual balance was lower than that stated. (*Ibid.*) They signed the agreement anyway, believing they would have an opportunity to dispute the balance later. (*Ibid.*)

The Bayramoglus commenced the instant action on July 18, 2014. They amended their complaint several times over the next couple of years. The operative fourth amended complaint asserted causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition, intentional and negligent misrepresentation, and negligence against Nationstar and others. Nationstar moved for summary judgment in October 2016. The trial court granted the motion and entered judgment in Nationstar's favor.[3]

The Bayramoglus appealed, filing their notice of appeal on March 7, 2017. Another panel of this court affirmed in part and reversed in part, remanding the case to the trial court on the causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair competition. The remittitur was issued on September 17, 2020.

Nationstar moved to dismiss the fourth amended complaint for failure to bring the case to trial within five years on March 6, 2023. (§ 583.310.) Nationstar argued the clock ran from July 18, 2014 (the date of the filing of the Bayramoglus' initial

---

[2] We derive some of the facts and procedural background from *Bayramoglu v. Nationstar Mortgage LLC* (2020) 51 Cal.App.5th 726 (*Bayramoglu*).

[3] By December 2016, the Bayramoglus had dismissed the other defendants leaving only Nationstar.

complaint), to March 7, 2017 (the date they filed their notice of appeal), and then restarted on September 17, 2020 (the date the trial court received the remittitur). According to Nationstar, the five-year period ended on February 28, 2023.

The trial court denied the motion by order dated May 18, 2023. The trial court began by observing Nationstar appeared to have made a mathematical error in calculating the five-year period. According to the trial court's calculations, that period ended on January 30, 2023. Regardless, the trial court continued, the five-year period had been extended by six months pursuant to California Rules of Court, appendix I, Emergency rule 10(a) (emergency rule 10(a)).[4] Accordingly, the trial court concluded the five-year period now ran to July 28, 2023.

But that was not the end of the matter. The trial court also noted that civil jury trials had been suspended in the Sacramento Superior Courts from March 17, 2020, through January 4, 2021, due to the COVID-19 pandemic. During that time, the trial court allowed, it was arguably impossible, impracticable, or futile to bring the matter to trial. (§ 583.340, subd. (c) [time in which it would be impossible, impracticable, or futile to bring matter to trial should be excluded from computation of five-year period].) In the end, however, the trial court deemed it unnecessary to decide whether the suspension affected the running of the five-year period to decide the motion to dismiss, which the court denied as premature.

The Bayramoglus filed a motion to extend the statutory deadline in July 2023. The trial court denied the motion but determined the five-year six-month period should be extended by the time civil jury trials had been suspended in Sacramento Superior Courts (109 days). Relying on section 583.340, subdivision (c), the trial court found it would have been impossible for the Bayramoglus to bring the matter to trial during those

_____

[4] As we shall discuss, emergency rule 10(a) extended the statutory period provided by section 583.310 by six months.

3

109 days. The trial court thus concluded the statutory deadline for bringing the matter to trial was November 14, 2023.

Nationstar filed a motion for reconsideration and another motion to dismiss. The trial court continued the hearing on the motion for reconsideration so the motion to dismiss could be heard first.

Nationstar argued the five-year six-month period should not be extended by the time that civil jury trials were suspended, as those 109 days had already been accounted for by the six months provided by emergency rule 10 and the time the matter was on appeal. Adding another 109 days, Nationstar said, would result in double-counting. The trial court agreed and granted Nationstar's second motion to dismiss with prejudice.

This appeal timely followed.

## II. DISCUSSION

### A. *Applicable Legal Principles and Standard of Review*

Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant." If the action is not brought to trial within the required time, it "shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties." (§ 583.360, subd. (a).) "Under the press of this statutory requirement, anyone pursuing an 'action' in the California courts has an affirmative obligation to do what is necessary to move the action forward to trial in timely fashion." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 322.) If the party does not meet this obligation, dismissal is mandatory and "not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subd. (b).)

Section 583.340 sets forth three circumstances in which the time to bring a case to trial may be tolled: "(a) The jurisdiction of the court to try the action was suspended[;] [¶] (b) Prosecution or trial of the action was stayed or enjoined[;] [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." The trial

4

court found, and the parties agree, that the statutory period was tolled during the pendency of the prior appeal. We are concerned with subdivision (c), whether bringing the case to trial within the statutory time would have been "impossible, impracticable, or futile." (§ 583.340, subd. (c).)

Another authority is relevant here. On March 4, 2020, Governor Gavin Newsom declared a state of emergency due to the COVID-19 pandemic. (*Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1122-1123 (*Barron*).) Governor Newsom also authorized the Judicial Council to issue emergency orders and rules to mitigate the impact of the pandemic on the judicial branch. (*Id.* at p. 1123.) Acting on this authority, the Judicial Council adopted 11 emergency rules, including emergency rule 10(a), which provides: "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months." The trial court found, and the parties agree, that emergency rule 10(a) applies and extends the five-year deadline by six months.

The trial court determined the five-year six-month period ended on July 28, 2023. The Bayramoglus argue that period should have been extended by an additional 109 days to account for the time civil jury trials were suspended in Sacramento Superior Court. The Bayramoglus also suggest the trial court misinterpreted emergency rule 10(a) and section 583.340, or misunderstood the effect of one upon the other.

"A trial court's dismissal of an action for failure to prosecute under section 583.310 is generally reviewed for abuse of discretion." (*Barron, supra,* 97 Cal.App.5th at p. 1123.) The trial court's decision whether to exclude time for impossibility, impracticality, or futility is also reviewed for abuse of discretion. (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100.) "However, proper interpretation of statutes and court rules are issues of law, and in such instances we review the trial court's decision de novo." (*Barron, supra,* at p. 1123.)

5

Both standards of review apply here. Thus, we independently review the Bayramoglus' challenge to the trial court's interpretation of section 583.340 and emergency rule 10(a). We review their challenge to the trial court's factual findings regarding the possibility or impossibility of bringing the case to trial within the required time for abuse of discretion.

B.      *Emergency Rule 10(a) and Section 583.340*

The Bayramoglus argue the trial court misunderstood the relationship between emergency rule 10(a) and section 583.340. Specifically, they say the trial court erred in treating the six-month extension provided by emergency rule 10(a) "as a credit against any time that would otherwise be excluded under . . . [s]ection 583.340." Although not entirely clear, they suggest the trial court mistakenly viewed the extension of time provided by emergency rule 10(a) and the exclusion of time contemplated by section 583.340 as "alternatives," rather than cumulative. The Bayramoglus may have a point, but not one that warrants reversal on the record before us.

When interpreting emergency rule 10(a), our primary purpose is to ascertain and effectuate the intent of the promulgator of the rule. (*Barron, supra,* 97 Cal.App.5th at p. 1124.) To determine that intent, " ' " 'we consider the plain, commonsense meaning of the language used, and construe the language in the context of the overall enactment.' " ' " (*Ibid.*) Emergency rule 10(a) by its terms extends the time to bring an action to trial by six months. Under section 583.310, the time to bring an action to trial is five years. However, in calculating those five years, we exclude the time in which any of the conditions set forth in section 583.340 exist, including time in which bringing the action to trial was "impossible, impractical, or futile." (§ 583.340, subd. (c).) Thus, the time in which to bring an action to trial is five years plus any period of time in which the tolling conditions have been met. To that period of time—five years plus tolling—we add another six months pursuant to emergency rule 10(a).

6

Emergency rule 10(a) does not address tolling. Thus, the trial court must still decide whether any of the tolling provisions set forth in section 583.340 apply. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 931 [" 'The statutory phrase "notwithstanding any other provision of law" has been called a " 'term of art' " [citation] that declares the legislative intent to override all *contrary* law' "].) The trial court here considered two such provisions: section 583.340, subdivisions (a) and (c).

The trial court found, first, that the Bayramoglus were entitled to five years, plus tolling for the time the matter was on appeal (§ 583.340, subd. (a)), plus six months (emergency rule 10(a)). The Bayramoglus do not appear to challenge this determination.

The trial court then considered whether it would be "appropriate to add an additional 109 days to the . . . deadline based on the time during which civil jury trials were suspended by this Court." The trial court's framing indicates the court viewed its task as evaluating—or reevaluating—whether additional tolling would be appropriate under section 583.340, subdivision (c).

The trial court continued: "From March 17, 2020, until January 4, 2021, civil jury trials were suspended by the Sacramento Superior Court due to the COVID-19 pandemic. Generally, the Court reaches its conclusion that 109 days should be added to the five-year six-month period because 109 days is the difference between the six-months provided in Emergency Rule 10 and the 293 days between March 17, 2020, and January 4, 2021. Here, however, unique circumstances are present because this case was not before this court from March 17, 2020, until September 17, 2020, as it was on appeal. This time period has already been included in determining the five-year and six-month period expired on July 28, 2023. Thus, it should not be double counted. When this case returned to this Court's jurisdiction on September 17, 2020, there remained 111 days until civil jury trials resumed on January 4, 2021. However, the six-months provided in Emergency Rule 10 would cover those 111 days. Indeed, subtracting six-months from 111 does not yield a positive number. Accordingly, the Court agrees with Nationstar that

7

no additional time should be added based on the time during which civil jury trials were suspended."

The trial court's discussion is arguably ambiguous. On the one hand, the trial court appears to have believed additional tolling was unavailable as a matter of simple arithmetic. Because the five-year six-month deadline was tolled by the prior appeal (§ 583.340, subd. (a)), and the time from remittitur to the resumption of civil jury trials was less than six months, the trial court may have mistakenly believed the Bayramoglus had already received all the tolling to which they were entitled, and there was no way to further extend the five-year six-month deadline. Put another way, the trial court may have failed to recognize its discretion to extend the deadline for impossibility or impracticality under section 583.340, subdivision (c).

On the other hand, the trial court's discussion permits an inference that the court was aware of its discretion and exercised that discretion to find that additional tolling for impossibility or impracticality would be inappropriate. "The unavailability of courtrooms for trial does not automatically lead to a finding of an impossible or impractical circumstance under section 583.340[, subdivision ](c)." (*Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, 248.) Rather, "the trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves.' " (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 730-731.) On the record before us, the trial court could have found it was not impossible or impractical to bring the matter to trial within the allotted time, given the lengthy tolling for the prior appeal and additional time provided by emergency rule 10(a). Thus, the trial court could have exercised its discretion to find the suspension of civil jury trials did not make it impossible or impractical for the Bayramoglus to timely bring the matter to trial.

"Normally, we must presume the trial court was aware of and understood the scope of its authority and discretion under the applicable law." (*Barriga v. 99 Cents Only*

8

*Stores LLC* (2020) 51 Cal.App.5th 299, 333; *McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103 ["We presume the trial court knew and properly applied the law absent evidence to the contrary"].)  The record here does not demonstrate the trial court was unaware of its discretion or misunderstood the scope of its discretion to toll the five-years six-months deadline for impossibility or impracticality.  Nor does the record establish any abuse of discretion.  We therefore conclude the Bayramoglus have failed to demonstrate error.

### III.  DISPOSITION

The order of dismissal is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/S/

_____

RENNER, J.


We concur:

/S/

_____

EARL, P. J.


/S/

_____

KRAUSE, J.