[No. B043936. Second Dist., Div. Four. July 24, 1990.]

CLAUDIA HOLLAND, Plaintiff and Appellant, v.
DAVE ALTMAN'S R. V. CENTER et al., Defendants and
Respondents.

COUNSEL

Simke, Chodos, Silberfeld & Anteau, David Manning Chodos and Steven D. Archer for Plaintiff and Appellant.

McKay, Bryne, Graham & Van Dam and Linda L. Hamlin for Defendants and Respondents.

OPINION

EPSTEIN, J.—This is an appeal following an order of dismissal based on failure to bring a case to trial within five years of the date that it was filed. (Code Civ. Proc., § 583.310.)[1] We have concluded that the trial court failed to exclude time from the five-year computation, as required by section 583.340. When this time is taken into account, it is clear that the case was dismissed before the running of the five-year period. We therefore must reverse.

## PROCEDURAL BACKGROUND

 This case arises out of a two-vehicle accident in 1982. The appellant claims that she was injured as a result of a collision with a vehicle driven by Peter Inderbitzen, and owned by respondents.[2] Inderbitzen was a Swiss citizen. Attempted substituted service on him was quashed, a decision that we ultimately upheld on appeal. The principal procedural issues in the case concern excludability of the time during which the trial court's order granting Inderbitzen's motion to quash was on appeal.

The significant events in the case are summarized in the following chronology:

| | |
|---|---|
| June 10, 1983 | Complaint filed. |
| December 23, 1983 | Answer filed by respondents. |
| October 2, 1986 | Trial setting conference; trial set for March 17, 1987. |
| October 10, 1986 | Inderbitzen files notice of motion to quash service. |
| November 6, 1986 | Motion to quash is granted. |
| December 24, 1986 | Appellant files notice of appeal from |

---

[1] All code references are to the Code of Civil Procedure.

[2] Appellant's passenger, Gloria Kaufman, also was a plaintiff in the trial court proceedings, but is not a party in this appeal.

| | |
|---|---|
| | order granting motion to quash. |
| January 26, 1987 | Appellant brings ex parte motion to continue trial during pendency of appeal; court grants motion to "continue" trial, and certain other pending matters, "until the pending appeal has been decided." |
| February 18, 1987 | Court vacates trial date, and places case "off calendar pending ruling on appeal" with mandatory settlement conference and trial "to be reset . . . after ruling of appellate court." |
| March 29, 1988 | Opinion filed affirming order granting motion to quash service on Inderbitzen. |
| June 10, 1988 | Fifth year from filing of complaint. |
| June 21, 1988 | Remittitur filed in appellate proceedings from order granting motion to quash. |
| October 12, 1988 | Appellant files new at-issue memorandum. |
| October 13, 1988 | Appellant moves to specially set case for trial. |
| February 2, 1989 | By minute order, court grants respondents' motion to dismiss under section 583.310 and places motion to specially set off calendar as moot. |

A timely appeal was filed from the order of dismissal.[3]

## DISCUSSION

When the court made its order suspending the trial, on January 26, 1987, one year, four months and fourteen days of the five-year period remained. If there was a tolling, it could not have begun before that date and could not have ended before we filed our opinion in the *Inderbitzen* appeal (B027054) [nonpub. opn.], on March 29, 1988. Under that hypothesis, the five-year statutory period would not have run until August 14, 1989, a date well beyond the February 2, 1989 order of dismissal.[4]

---

[3] The order is appealable. (§ 581d; see *D'Hondt* v. *Regents of University of California* (1984) 153 Cal.App.3d 723, 731 [200 Cal.Rptr. 628].)

[4] The five-year period would have run on August 12, 1989. Since that date fell on a Saturday, a statutory "holiday," the last day for trial would have been postponed until the next court day, August 14. (§ 12a.) Since, if there was a tolling, the dismissal was premature under this most conservative of the alternate measurements, we need not decide whether the tolling ended when we filed our opinion in *Inderbitzen,* when the decision on appeal became final as to this court 30 days thereafter (Cal. Rules of Court, rule 24(a)), or when the remittitur was filed (see *Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 335 [248 Cal.Rptr. 341]).

Section 583.340 provides, in pertinent part:

"In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

". . . . . . . . . . . . . . . . . . . . .

"(b) Prosecution or trial of the action was stayed or enjoined.

"(c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

Both subdivisions are applicable to this case, and under the mandatory terms of the statute, each should have been applied by the trial court when the motion to dismiss was before it.

### A

*The Proceedings Were Stayed.*[5]

On January 26, 1987, appellant brought a motion for ex parte relief before the court. The motion was inartfully titled, "Ex Parte Motion for Continuance of Defendant's Motion for Summary Judgment, Trial Date, Mandatory Settlement Conference, and Demand for Designation of Expert Witnesses." Respondent appeared and orally opposed the motion. The court granted it, signing an attorney order which recited that "the trial date set for March 17, 1987, the mandatory settlement conference set for February 18, 1987, and defendant's demand for designation of expert witnesses due on January 26, 1987 also be continued until the pending appeal has been decided."

On February 18, 1987, the date that the mandatory settlement conference was to be held, the court executed a form minute order. After the checked box "trial date of" the court completed the line with the notation "March 17, 1987 vacated." The box "off calendar" was checked, with a notation "pending ruling on appeal." Finally, the court made the following notation

---

[5] Appellant did not argue this basis for tolling to the trial court but relied instead on section 583.340, subdivision (c) and the pendency of the *Inderbitzen* appeal. Respondent does not argue that the stay issue should not be decided on this appeal, and we agree with appellant that, since it presents a pure issue of law, and since it has been fully briefed, it is appropriate that we decide it. (See *UFITEC, S.A. v. Carter* (1977) 20 Cal.3d 238, 249, fn. 2 [142 Cal.Rptr. 279, 571 P.2d 990]; *Carman v. Alvord* (1982) 31 Cal.3d 318, 324 [182 Cal.Rptr. 506, 644 P.2d 192].) Nevertheless, we regard it as unfortunate that the issue was not tendered to the trial court, which can hardly be expected to search out issues the parties do not raise.

at the end of the form: "Mandatory settlement conference and trial to be reset in Department NWA after ruling of appellate court."

Relying largely on the January 26, 1987, order, respondent argues that the trial of the case was continued rather than stayed.

■■ ■■ The parties cite no reported decisions construing the term "stay" as used in section 583.340, and we have found none. However, the term appears to have a commonly understood meaning as an indefinite postponement of an act or the operation of some consequence, pending the occurrence of a designated event. Thus, in *People* v. *Santana* (1986) 182 Cal.App.3d 185, 190 [227 Cal.Rptr. 51], a case involving the stay of a sentence, the court concluded that "[a] stay is a temporary suspension of a procedure in a case until the happening of a defined contingency." Black's Law Dictionary (5th ed. 1979) page 1267 defines the term as "a suspension of the case or some designated proceedings within it."

By contrast, "[a] continuance is a postponement of the trial of a pending action to a later date, at which time it automatically resumes." (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 6, p. 23.)

This construction fits neatly within the evident purpose of section 583.340, which is to exclude from the mandatory dismissal provision time periods during which the case could not be brought to trial. The absence of trial court jurisdiction to try it (the contingency covered by subdivision "(a)") is one reason; a court order barring the trial (by a stay or injunction) is another. Each of these is an example of impossibility, impracticality or futility in bringing the case to trial. The final provision recognizes "any other reason" that it was impossible, impracticable or futile to bring the case to trial. What all of these provisions have in common is the practical inability of the parties to proceed to trial. Each *prevents* a trial, and each is recognized as a basis to toll the running of the statutory period. (See 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 134, p. 440.)

While the January 26, 1987, order used a form of the word "continue," it is plain that the court did not intend to postpone trial to any known date. Instead, it put the trial over indefinitely, until the happening of a designated event: determination of the *Inderbitzen* appeal. The legal effect of this order was to stay, rather than to continue the trial. Any doubt on the issue is set to rest by the February 18, 1987, order which unambiguously took the trial off calendar pending being reset after the Court of Appeal decision on the *Inderbitzen* order.

We conclude that trial in the case was stayed while the *Inderbitzen* order was on appeal. As we have seen, if that time is excluded from the five-year period, the action was prematurely dismissed.

## B

*It Was Impossible, Impracticable, and Futile to Bring the Case to Trial During the Pendency of the Inderbitzen Appeal.*

■ Appellant argues here, as she did below, that it would have been impracticable to proceed to trial while the *Inderbitzen* appeal was pending. But for the trial court's rulings, which we have summarized, she could have done so—but only by dismissing Inderbitzen as a party, or by severing the action against him from the action against respondents. The former course would have effected an abandonment of the pending appeal, and no one suggests that appellant was required to take such an action. Severance ran the risk of duplicative proceedings, with all of the waste of time and resources (of the parties and the court) that would have entailed. The action against respondents was based on vicarious liability (except for negligent entrustment, the *only* theory in the pleading that was unique to them). If appellant had prevailed against respondents and won a reversal of the *Inderbitzen* appeal, the subsequent trial would have involved the same issues of neglience and comparative negligence, causation, and damages as the trial against respondents.[6]

Thus, the failure to sever does not demonstrate any lack of diligence on appellant's part, or otherwise rebut the impracticality of proceeding to trial during the pendency of the *Inderbitzen* appeal. (See *Brunzell Constr. Co.* v. *Wagner* (1970) 2 Cal.3d 545, 553 [86 Cal.Rptr. 297, 468 P.2d 553], and cases cited.) Indeed, respondent concedes that an argument based on severance would lack merit.

However, respondent points out that nearly two and one-half months remained after we filed our opinion in the *Inderbitzen* appeal until the fifth anniversary of the filing of the complaint. Respondent argues that appellant could have taken steps to have the case specially set during this time but that, instead, she did not file a new at-issue memorandum and notice of motion to specially set until mid-October 1988, a time four months after the fifth year anniversary date and six and one-half months after the appellate opinion was filed.

---

[6] Of course, appellant might have lost in a severed trial against respondent, setting up a collateral estoppel against herself. And it is possible that a judgment against respondent would have been fully satisfied, leaving appellant with no reason to pursue Inderbitzen. Each of these possibilities is speculative and lacks support in the record.

There was a time when that argument would have had merit. (See *Brown v. Superior Court* (1976) 62 Cal.App.3d 197, 199 [132 Cal.Rptr. 916]; *State of California* v. *Superior Court (Garner)* (1979) 98 Cal.App.3d 643, 649 [159 Cal.Rptr. 650]. But, as Witkin points out (6 Witkin, *op. cit. supra*, § 142, p. 447) the 1984 revision of the dismissal statutes "repudiates these holdings by stating the excuse without any such qualification; hence, the time during which it was impracticable is excluded in all cases." The Law Revision Commission explained that "[t]his is consistent with the treatment given other statutory excuses; it increases certainty and minimizes the need for a judicial hearing to ascertain whether or not the statutory period has run." (17 Cal. Law Revision Com. Rep. (Jan. 1984) p. 919.) It also is consistent with the general policy favoring trial over dismissal. (§ 583.130.)

There is a further reason why it was impracticable and futile to bring this case to trial within the original five-year period: the court had ordered otherwise. On two occasions, the court had stated its view, in unambiguous terms, that the case was not to proceed to trial until the pending appeal had been decided. Appellant cannot be expected to fly in the face of such orders, nor should she be penalized for not having done so.

### DISPOSITION

The order of dismissal (judgment) is reversed, and the case is remanded to the superior court for proceedings consistent with this opinion. Appellant is to recover her costs on appeal.

George, Acting P. J., and Goertzen, J., concurred.

Respondents' petition for review by the Supreme Court was denied October 10, 1990.