Filed 8/24/21  Brooks v. The Rehabilitation Centre of Beverly Hills CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| IAN W. BROOKS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE REHABILITATION CENTRE OF BEVERLY HILLS, INC., et al.,<br><br>    Defendants and Respondents. | B308796<br><br>(Los Angeles County Super. Ct. No. BC575125) |

APPEAL from judgments of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Balisok & Associates and Russell S. Balisok for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Gregory G. Lynch, John J. Weber and Kristi K. Hedrick for Defendant and Respondent The Rehabilitation Centre of Beverly Hills, Inc.

Hulbert & Hulbert and Gregory M. Hulbert for Defendants and Respondents Cedars-Sinai Medical Group and Inpatient Specialty Practices, Inc.

_____

Plaintiff and appellant Ian W. Brooks (Brooks) appeals from orders of dismissal[1] as to defendants and respondents The Rehabilitation Centre of Beverly Hills, Inc. (Rehabilitation Centre), Cedars-Sinai Medical Group (Medical Group), and Inpatient Specialty Practices, Inc. (Inpatient Specialty Practices)[2] based on Brooks's failure to bring the action to trial within five years after it was commenced.  (Code Civ. Proc., §§ 583.310, 583.360.)[3]  Brooks contends that, because there was a pending appeal as to two other defendants, proceeding to trial against respondents was impracticable within the meaning of section 583.340, subdivision (c), and that the time to bring the case to trial should have been extended.

Finding no abuse of the trial court's discretion, we affirm.

_____

[1]     An order of dismissal is a judgment.  (Code. Civ. Proc., § 581d; *D'Hondt v. Regents of University of California* (1984) 153 Cal.App.3d 723, 726.)

[2]     We refer to Rehabilitation Centre, Medical Group, and Inpatient Specialty Practices, collectively as respondents.

[3]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

## BACKGROUND

I. *Relevant Pleadings*

On March 11, 2015, Brooks commenced this action by filing a complaint alleging, as the successor in interest to his mother, causes of action for fraud, constructive fraud, unfair business practice (Bus. & Prof. Code, § 17200 et seq.), recklessness, elder abuse, and violation of Health and Safety Code section 1430, subdivision (b). On his own behalf, Brooks asserted a cause of action for wrongful death.

As of the filing of the operative fourth amended complaint in January 2018, the named defendants included respondents, as well as Cedars-Sinai Medical Center (Medical Center) and Cedars-Sinai Medical Care Foundation, Inc. (Foundation).[4]

II. *Respondents' Motions to Dismiss*

On March 13, 2020, Medical Group and Inpatient Specialty Practices each filed a motion to dismiss based on Brooks's failure to bring this action to trial within five years of filing the complaint, as required by section 583.310. On April 7, 2020, Rehabilitation Centre filed its motion to dismiss on the same ground.

III. *Brooks's Opposition*

In a joint opposition to the motions to dismiss, Brooks asserted three reasons why it was impossible, impracticable, or futile within the meaning of section 583.340, subdivision (c), to

---

[4]     Medical Center and Foundation are not parties to this appeal. In December 2018, the trial court granted their motions for summary judgment. Brooks appealed from the summary judgments as to Medical Center and Foundation, and on April 21, 2020, we affirmed. (*Brooks v. Cedars Sinai Medical Center* (Apr. 21, 2020, B295540) [nonpub. opn.].) The remittitur was issued on August 17, 2020.

3

bring the action to trial within five years. First, given his pending appeal as to Medical Center and Foundation, he would have risked duplicate trials or collateral estoppel if he proceeded to trial against respondents. Second, one of his counsel died in December 2019 and his other counsel had ongoing health problems. Third, courtrooms had been closed starting March 17, 2020, due to the COVID-19 pandemic.

IV. *Trial Court's Ruling and Orders of Dismissal*

On July 15, 2020, the trial court granted the motions to dismiss. The court determined that the five-year deadline to bring this action to trial was March 11, 2020. The court concluded that neither the pending appeal as to other defendants nor the health of Brooks's counsel rendered it impossible, impracticable, or futile to proceed to trial by that date.[5] The court found "no evidence" that severing trials of appealing and nonappealing defendants "would have resulted in 'excessive and unreasonable difficulty or expense.'"

The trial court subsequently issued orders of dismissal with prejudice as to respondents.

V. *Appeal*

This timely appeal ensued.

## DISCUSSION

I. *Relevant Law*

An action must be brought to trial within five years after it is commenced against a defendant. (§ 583.310; *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1089 (*Gaines*).) In calculating the five-year period, the trial court must exclude "any time when it was 'impossible, impracticable, or futile' to bring the

---

[5]     The trial court did not address the impact of court closures related to the COVID-19 pandemic.

4

case to trial.  (§ 583.340, subd. (c) . . . .)"  (*Gaines, supra,* at p. 1087.)[6]

"[T]he trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves.  [Citations.]  The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.'"  (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 730 (*Bruns*).)  The California Supreme Court has repeatedly explained that "'impracticability and futility' involve a determination of "'*excessive* and *unreasonable* difficulty or expense,'" in light of all the circumstances of the particular case."  (*Brunzell Constr. Co. v. Wagner* (1970) 2 Cal.3d 545, 554 (*Brunzell*); accord *Bruns, supra,* at p. 731.)

If the five-year deadline—taking into consideration any applicable tolling period—is not met, the trial court must dismiss the action on its own motion or on the motion of a defendant, after notice has been given to the parties.  (§§ 583.340, 583.360; see also *Gaines, supra,* 62 Cal.4th at p. 1105 ["The five-year rule is mandatory and dismissal for noncompliance is required"].)

---

[6]    Other periods must also be excluded when calculating the five-year period.  (§ 583.340, subds. (a) [excluding time when "[t]he jurisdiction of the court to try the action was suspended"], (b) [excluding time when "[p]rosecution or trial of the action was stayed or enjoined"].)  The time period may also be extended by written stipulation or by oral agreement made in open court.  (§ 583.330, subds. (a), (b)).  Brooks does not argue on appeal that any of these other tolling or extension provisions are applicable.

II. *Standard of Review*

Whether a period is excludable from the time to bring an action to trial due to impossibility, impracticability, or futility (§ 583.340, subd. (c)) is a question "best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.'" (*Bruns*, *supra*, 51 Cal.4th at p. 731.) It is the plaintiff's burden to prove that the exception applies. (*Ibid.*)

We review the trial court's decision for an abuse of discretion. (*Bruns*, *supra*, 51 Cal.4th at p. 731; see also *Gaines*, *supra*, 62 Cal.4th at p. 1100, fn. 8.)

III. *Analysis*

Brooks argues that it was impracticable, within the meaning of section 583.340, subdivision (c), to proceed to trial against respondents while his appeal as to Medical Center and Foundation, who allegedly engaged in a joint venture with respondents, was pending. He contends that the trial court abused its discretion by finding otherwise and failing to exclude the period when the appeal was pending when it calculated the five-year deadline as expiring on March 11, 2020.[7]

---

[7] Brooks has forfeited any argument that California Rules of Court, Appendix I, Emergency rule 10(a), effective April 6, 2020, extended the time for him to bring the action to trial. Brooks did not raise the issue in the trial court or in his opening brief on appeal. (*Schultz v. Workers' Comp. Appeals Bd.* (2015) 232 Cal.App.4th 1126, 1134 ["issues not raised in the trial court are generally forfeited for purposes of appeal"]; *Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786 ["issues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited"].) Additionally, his late-filed response to our invitation to submit a

We find no abuse of discretion.  It was Brooks's burden below to "prov[e] that the circumstances warrant[ed] application of the section 583.340[, subd. ](c) exception."  (*Bruns*, *supra*, 51 Cal.4th at p. 731.)  The trial court could reasonably conclude that Brooks did not meet his burden.

As the trial court explained in its ruling, Brooks proffered no evidence that bringing respondents to trial during the pendency of his appeal as to Medical Center and Foundation would have resulted in """*excessive* and *unreasonable* difficulty or expense[.]"""  (*Brunzell*, *supra*, 2 Cal.3d at p. 554.)  On appeal, Brooks merely raises the possibility that if his appeal had been successful—it was not—he would have needed to prosecute a separate trial against Medical Center and Foundation, which would involve "identical facts" as a trial against respondents, "with the possibility of inconsistent results."  But Brooks offers no argument why a possible second trial would necessarily involve anything more than the costs and inconveniences to be reasonably expected when prosecuting a case against multiple defendants.

Brooks relies heavily on *Holland v. Dave Altman's R.V. Center* (1990) 222 Cal.App.3d 477 (*Holland*).  That case is distinguishable and does not compel reversal.

---

letter brief addressing the effect on this matter, if any, of California Rules of Court, Emergency rule 10(a) was inadequate, as it failed to provide any developed discussion or citation to supporting authority.  (*In re Marriage of Carlisle* (2021) 60 Cal.App.5th 244, 255 ['"The absence of cogent legal argument or citation to authority allows this court to treat the contentions as' forfeited"].)  We therefore need not and do not address the issue further.

In *Holland*, *supra*, 222 Cal.App.3d at page 479, the driver of one vehicle involved in a two-vehicle collision (the plaintiff) brought an action against the driver and owners of the other vehicle. The other driver filed a successful motion to quash service, and the plaintiff appealed. (*Id.* at pp. 479–480.) On two occasions, the trial court ordered that the case was not to proceed to trial until after the appeal was decided. (*Id.* at pp. 480, 484.) The order granting the motion to quash as to the other driver was eventually affirmed, and the trial court later granted the owners' motion to dismiss for failure to bring the case to trial within five years. (*Id.* at p. 480.)

The Court of Appeal reversed the dismissal on two independent grounds. (*Holland*, *supra*, 222 Cal.App.3d at pp. 479, 481–484.) First, it concluded that the action was stayed during the pendency of the other driver's appeal. (*Id.* at pp. 481–483.) Excluding that period from the calculation of the five-year period, as required by section 583.340, subdivision (b), the action had been prematurely dismissed. (*Holland*, *supra*, at p. 483.) Second, the Court of Appeal found that it was impracticable within the meaning of section 583.340, subdivision (c), to proceed to trial against the owners during the pendency of the appeal. (*Holland*, *supra*, at pp. 483–484.) In so holding, the Court of Appeal reasoned that "[s]everance ran the risk of duplicative proceedings, with all of the waste of time and resources (of the parties and the court) that would have entailed." (*Id.* at p. 483.) The Court of Appeal also found that it was impracticable to proceed to trial during the pendency of the appeal because the trial court's orders precluded that very action. (*Id.* at p. 484.) The plaintiff could not "be expected to fly in the face of such

8

orders, nor should she be penalized for not having done so."
(*Ibid.*)

Here, unlike in *Holland*, no stay of proceedings pending the appeal as to Medical Center and Foundation was sought by Brooks or ordered by the trial court.  The exception under section 583.340, subdivision (b), is therefore inapplicable, and Brooks would not have violated any court order by proceeding to trial against respondents within five years.

While *Holland*'s alternative ground for reversal—that the possibility of duplicative proceedings as to the other driver and the owners rendered it impracticable to proceed to trial while the appeal was pending (*Holland*, *supra*, 222 Cal.App.3d at p. 483)— provides some support for Brooks's contention here, it is not dispositive.  *Holland*'s analysis was case-specific, and it did not hold that the mere possibility of duplicative proceedings required a finding of impracticability.

Here, the trial court considered the impact of the appeal as to Medical Center and Foundation on bringing respondents to trial and determined that Brooks had not proven that the "impossible, impracticable, or futile" (§ 583.340, subd. (c)) exception applied.[8]  Brooks has failed to demonstrate why the court's determination was anything more than debatable, which is insufficient to establish an abuse of discretion.  (*People v.*

---

[8]     Because the trial court expressly considered this factor, this case is distinguishable from *Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, which held that it was error to "fail[] to consider the potential impact . . . of appellate proceedings in a related action in determining whether it was impracticable or futile to bring [an] action to trial."  (*Id.* at p. 688.)

9

*Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 390 ["A merely debatable ruling cannot be deemed an abuse of discretion"].)

**DISPOSITION**

The judgments are affirmed.  Respondents are entitled to their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT