Filed 7/11/25  Harris v. R.S. Bir M.D., Inc. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| STEPHEN HARRIS, | |
| Plaintiff and Appellant, | E082807 |
| v. | (Super.Ct.No. CIVDS1803230) |
| R.S. BIR M.D., INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Khymberli S.Y. Apaloo, Judge.  Affirmed.

Monique Harris for Plaintiff and Appellant.

Schmid & Voiles, Lawrence D. Wong, Lisa M. Agrusa; Denise H. Greer for Defendants and Respondents.

Plaintiff and appellant Stephen Harris (Plaintiff) appeals the order dismissing his medical malpractice action for failing to prosecute the action against defendants and respondents R.S. Bir. M.D. Inc. dba Medica Familiar, Norman Chow, Alfred Dadivas and

1

other named defendants[1] (hereafter Defendants) within the five-year period proscribed in Code of Civil Procedure section 583.310.[2]

In 2018 Plaintiff filed a complaint in which he claimed that Defendants failed to timely diagnose and treat his prostate cancer. The matter was continued several times on both motions of the trial court and on Plaintiff's request. When the five-year deadline had passed for prosecution of the case, Defendants filed a motion to dismiss, which was granted by the trial court.

Plaintiff claims on appeal that the matter was stayed for a period of 343 days which tolled the five-year time period within the meaning of section 583.340, subdivision (b). Further, during this time period, it was impossible, impracticable or futile to proceed to trial within the meaning of section 583.340, subdivision (c).

## FACTUAL AND PROCEDURAL HISTORY

A. COMPLAINTS

On February 8, 2018, Plaintiff in propria persona filed his complaint against Defendants.[3] Plaintiff substituted-in counsel, Monique Harris, on April 24, 2018. The case was assigned to Department S27 of the San Bernardino Court on February 8, 2018.

---

[1] It is not necessary to name the other defendants.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] The complaint, first amended complaint, second amended complaint and third amended complaint have not been made part of the record on appeal. Since the merits of the suit are not at issue, they are (other than the dates filed) not necessary for the resolution of this appeal.

Several amended complaints were filed. The third amended complaint (TAC) was filed on August 22, 2019. The suit involved Plaintiff's claim that Defendants failed to timely diagnose and treat his prostate cancer. Defendants filed an answer to the TAC on November 20, 2019. A jury trial was set for August 30, 2021.

B.  CONTINUANCES

On July 16, 2021, the trial court, on its own motion, vacated the August 30, 2021, trial date. The reason was stated as "Judge away from Court." The jury trial was set for August 8, 2022.

On August 4, 2022, at a trial readiness conference, the trial was continued by the trial court at the request of Plaintiff—over the objection of Defendants' counsel—until March 20, 2023. Plaintiff was also ordered to produce his expert, Martin Gelbard, M.D. before any defense experts were deposed. On March 16, 2023, the parties appeared in court and Plaintiff stated he was not ready to proceed to trial. The matter was handled by the court clerk and was continued to September 5, 2023.

On July 28, 2023, Plaintiff made an ex parte application for an order continuing the trial from September 5, 2023, to September 19, 2023. The matter had been moved to Department S25 effective March 16, 2023. The reason for the continuance was that Plaintiff's counsel was to be on medical leave. Defendants' counsel refused to stipulate to the continuance. The minute order from the ex parte proceeding provided that Defendants' counsel noted the five-year time period to prosecute expired on August 8, 2023. The continuance request was set for a hearing.

On August 8, 2023, Defendants filed opposition to the request for a continuance. Defendants' opposed the continuance based on the five-year statute running on the case on August 8, 2023. Defendants did not waive the five-year statute and opposed a continuance. They insisted that the first complaint was filed on February 8, 2018, and that there was a six-month extension under the Emergency Rules due to the Covid pandemic. Taking this into account, the five years ran on August 8, 2023. Defendants contended the delay was due to Plaintiff failing to produce his expert. Plaintiff had over three years to present his expert and had failed. Defendants included an email to Plaintiff's counsel on July 10, 2023, seeking to schedule the deposition of Dr. Gelbard within "the next 3 weeks."

Plaintiff filed a reply to the opposition to the continuance. Plaintiff insisted that Defendants had not made an effort to depose Dr. Gelbard until July 2023. Also, Defendants agreed to a continuance of the trial on March 16, 2023, to September 5, 2023, which was past the five-year limit. On August 16, 2023, Plaintiff withdrew his ex parte application to continue the trial.

C.    DISMISSAL MOTION BY DEFENDANTS

On September 11, 2023, Defendants filed an amended motion for dismissal of the TAC (Dismissal Motion).[4] The Dismissal Motion was based on Plaintiff failing to bring the action to trial within five years of filing as required by section 583.310. Defendants

_____

[4] In the opposition filed by Plaintiff, he alleges that there was a first motion to dismiss filed on August 30, 2023. The Dismissal Motion is the only full motion to dismiss included in the record that is file stamped and we will refer to it.

contended that Plaintiff filed the case on February 8, 2018, that Emergency Rule 10 extended the five-year deadline for six months, and the five years ran on August 8, 2023. Plaintiff identified his expert as Dr. Gelbard on July 12, 2021, and still failed to make him available for a deposition. On July 15, 2021, Defendants noticed a deposition for August 2, 2021, but Plaintiff opposed the deposition. The trial court on its own motion continued the trial date from August 30, 2021, to August 8, 2022.

Defendants' alleged that on June 24, 2022, Plaintiff noticed the depositions for Defendants' experts. On July 1, 2022, Defendants noticed the deposition of Dr. Gelbard. The parties sent several emails back and forth trying to reach a mutually agreed date for the depositions. Plaintiff, over a two-month period in June and July 2022 was unable to provide a date for the deposition of Dr. Gelbard that was prior to the date set for trial. At a trial readiness conference on August 4, 2022, Defendants represented they were ready to proceed to trial and that they would seek to exclude the testimony of Dr. Gelbard based on Plaintiff not making him available for a deposition. The trial court ordered Plaintiff to make Dr. Gelbard available and that his deposition had to occur prior to the defense experts being deposed. The trial court vacated the trial date and continued trial to March 20, 2023. Between August 4, 2022, and February 2023, no actions were taken to depose Dr. Gelbard. On February 8, 2023, Defendants' counsel emailed Plaintiff's counsel requesting that Dr. Gelbard be produced for his deposition. Plaintiff advised Defendants that Dr. Gelbard was on a medical disability and would not be available for a deposition until the week prior to the trial date. On March 2, 2023, Defendants noticed the deposition of Dr. Gelbard; Plaintiff objected.

Defendants further alleged that on March 16, 2023, there was a trial readiness conference, which was heard by the court clerk. Defendants represented that they were ready for trial, but Plaintiff sought a continuance. Defendants objected to a continuance. The clerk continued the case and offered two dates for trial which were after August 8, 2023. The trial was continued until September 5, 2023. On July 10, 2023, Defendants requested dates for Dr. Gelbard's deposition. Plaintiff's counsel advised Defendants she would be unavailable and could not produce Dr. Gelbard in the months of July and August 2023. Plaintiff requested that Defendants stipulate to a continuance of trial but Defendants refused.

Defendants argued that under section 583.310, all actions must be brought to trial within five years after the action is commenced. The dismissal requirement was mandatory. Emergency Rule 10(a) provided that for all civil actions filed on or before April 6, 2020, the time in which to bring a matter to trial was extended by six months for a total of five years and six months. Defendants contended there were no grounds for tolling the five-year period. Defendants also contended they did not agree to continue the trial past the five years; section 583.330 did not apply.

Defendants attached the emails between Defendants' counsel and Plaintiff's counsel regarding the scheduling of depositions starting in July 2022 through July 28, 2023.

Defendants also attached several minute orders, including the one for August 4, 2022. It included the notation that Defendants were ready to proceed to trial. The trial

court ordered the parties to meet and confer regarding expert depositions; it further ordered the deposition of Plaintiff's expert be taken first.

The minute order from March 16, 2023, was reported as a "clerk's calendar." Plaintiff's counsel represented that Plaintiff was not ready for trial. Trial was continued to September 5, 2023.

D.      PLAINTIFF'S OPPOSITION TO THE DISMISSAL MOTION

Plaintiff filed opposition to the Dismissal Motion on October 3, 2023. Plaintiff insisted that the five-year deadline to bring the case to trial had not expired and Defendants' counsel had agreed to bring the case to trial after the date it was alleged to have expired. Plaintiff relied on section 583.340 to argue that the case was suspended for a period of time.

Plaintiff alleged that the case was originally assigned to Department S27 in front of the Honorable Thomas S. Garza. On February 8, 2023, it was moved to Department S25 in front of the Honorable Khymberli S. Apaloo. Plaintiff alleged that on July 16, 2021, the trial court on its own motion vacated the August 30, 2021, trial date "because the Judge was away from the Court." The new trial date was set for August 8, 2022. Plaintiff contended that the time period between August 30, 2021, and August 8, 2022, must be excluded from the five-year dismissal computation because trial of the action was stayed or enjoined during this time period. Under section 583.340, subdivisions (b) and (c), the five-year time period was tolled.

Plaintiff also alleged that Defendants' counsel agreed in open court to extend the trial to a date after August 8, 2023. Defendants' counsel was lying that he did not agree

7

to the continuance. Further, Defendants' counsel thereafter waited until July 2023 to schedule a deposition of Dr. Gelbard. Finally, there was a statutory preference for trial on the merits rather than dismissal on procedural grounds.

Attached to the opposition was a declaration by Monique Harris stating that Defendants' counsel agreed to the continuance at the March 16, 2023, hearing. She also attached an email she sent to Defendants' counsel on February 22, 2023, in which she wrote that they spoke on February 10, 2023, and that he suggested she seek a continuance so that Dr. Gelbard could be deposed. Defendants' counsel sent an email with a witness list to Plaintiff on August 25, 2023.

E.     TRIAL COURT RULING

On October 17, 2023, pursuant to the corrected minute order, the trial court ruled on the Dismissal Motion. There were no appearances by the parties. The ruling was as follows: "The motion to dismiss this case for failure to bring it to trial within 5 years (and six months) under Code of Civil Procedure section 583.310 and Emergency Rule 10, is GRANTED. Trial in the case needed to begin on or before August 8, 2023 and it did not. The court finds there was no agreement in writing or on the record to extend the deadline to try the case. [¶] The Plaintiff's request that the court deem the case tolled from August 30, 2021 until August 8, 2022, when the trial was continued on the court's own motion, is DENIED. Plaintiff urged that the Court exclude that time from the calculation as being impossible/impracticable/futile under CCP section 583.340. However, in order for that statute to apply, Plaintiff must show reasonable diligence i[n] prosecuting the case, which he did not. After August 8, 2022, Plaintiff requested a

8

continuance of the trial, which was granted, until March 20, 2023. At the trial readiness conference [on] March 16, 2023, Plaintiff asked for a continuance again, which put the date for trial to September 5, 2023. On July 28, 2023, Plaintiff filed a request to continue the September trial, which was taken off calendar July 31, 2023, after Defendant[s'] attorney indicated that the time to try the case would expire August 8, 2023. Knowing that information, Plaintiff did not seek to advance the trial date, though there was time to do so."

The judgment of dismissal was filed on October 23, 2023. Plaintiff filed a motion for reconsideration on October 26, 2023. Defendants filed opposition to the motion for reconsideration. On November 30, 2023, the trial court denied the motion for reconsideration.[5] The notice of ruling was filed on December 6, 2023. Plaintiff filed his notice of appeal on December 15, 2023.

## DISCUSSION

Plaintiff contends the trial court erred by dismissing his TAC for failure to prosecute as the provisions of section 583.340, subdivisions (b) and (c), applied to extend the five-year limitation period. Plaintiff insists that the trial court suspended the proceedings on its own motion between August 30, 2021, through August 8, 2022, a total of 343 days. The prosecution of the entire action was stayed when the court suspended the trial and tolled the time period within the meaning of section 583.340, subdivision (b). Further, bringing the action to trial was impossible, impracticable or futile within the

---

[5] Plaintiff does not appeal the denial of his motion for reconsideration.

9

meaning of section 583.340, subdivision (c), based on the trial court suspending the trial for 343 days.

"California law favors trying cases on their merits. [Citation.] This policy is not absolute, however. [Citation.] There is a countervailing policy, evidenced by the dismissal statutes, of expediting the administration of justice by compelling litigants to prosecute their actions with promptness and diligence. [Citation.] This prevents the prejudice that may result from the passage of time, such as lost evidence, faded memories and disappearing witnesses." (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1320-1321.)

"An action shall be brought to trial within five years after the action is commenced against the defendant." (Code Civ. Proc., § 583.310.) The Judicial Council of California issued emergency rule 10(a), which provides: "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months." (Cal. Rules of Court, Appendix I: Emergency Rules Related to Covid-19, rule10, subd. (a).)

"In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.) An action "shall be dismissed" if the action is not brought to trial within the five years, and

10

the time requirements are "mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."  (§ 583.360, subds. (a) & (b).)

"A trial court's dismissal of an action for failure to prosecute under section 583.310 is generally reviewed for abuse of discretion.  [Citation.]  However, proper interpretation of statutes and court rules are issues of law, and in such instances we review the trial court's decision de novo."  (*Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1123.)  In *Gaines v. Fidelity National Title Ins. Co*. (2016) 62 Cal.4th 1081 (*Gaines*), the court found that review of whether a trial court order "stayed" prosecution of an action under section 583.340, subdivision (b) is reviewed de novo "because it does not hinge on the resolution of factual questions concerning credibility of extrinsic evidence." (*Id.* at p. 1092.)

Plaintiff first contends that the matter was "stayed" from August 30, 2021, until August 8, 2022, within the meaning of section 583.340, subdivision (b), which provides that if the prosecution or trial of the action was stayed or enjoined, it does not count toward the five-year running of the time period.  As such, these 343 days did not count toward the five-year limit on prosecution.  Plaintiff relies on the minute order from July 16, 2021, to support this claim.  The minute order stated "Hearing continued at the request of the Court.  [¶]  Reason:  Judge away from Court.  On Court's own motion August 2021 dates are vacated and date reset as follows."  The minute order then stated, "Court orders 08/26/2021 Readiness Calendar hearing Vacated.  [¶]  Court orders 08/30/2021 Jury Trial hearing Vacated.  [¶]  Trial Readiness Conference set for

11

08/4/2022 at 8:30 AM in Department S27 - SBJC.  [¶]  Jury Trial set for 8/8/2022 at 10:00 AM in Department S27 - SBJC.  [¶]  Time estimate:  10 Days."

Plaintiff characterizes this time period as being "suspended" or "stayed." However, it is clear the matter was continued, which does not toll the running of the five-year limit on prosecution.  "To decide whether section 583.340(b) applies, we must distinguish between a stay of the trial and a continuance.  Under section 583.340(b), a stay of the trial halts the running of the five-year period.  [Citation.]  By contrast, a continuance generally does not.' " (*Gaines, supra,* 62 Cal.4th at pp. 1091-1092; see also *State ex rel. Sills v. Gharib-Danesh* (2023) 88 Cal.App.5th 824, 844.)  In *Gaines, supra,* 62 Cal.4th 1081, the court noted that "[t]he long-standing judicial understanding of the term stay in the context of the five-year statute is that it refers to those postponements that freeze a proceeding for an indefinite period, until the occurrence of an event that is usually extrinsic to the litigation and beyond the plaintiff's control."  (*Id.* at p. 1092.) " ' A continuance is a postponement of the trial of a pending action to a later date, at which time it automatically resumes.' " (*Holland v. Dave Altman's R.V. Center* (1990) 222 Cal.App.3d 477, 482.)

The only evidence before this court is the minute order in which the trial court vacated the trial dates and continued the trial to August 8, 2022.  Nothing in the order supports that this was a stay of the proceedings.  This is further evidenced by the fact that Plaintiff and Defendants continued to conduct discovery during this time period including noticing depositions on Defendants' witnesses on June 24, 2022.  "[S]ubdivision (b) of section 583.340 governs only complete stays that are 'used to stop the prosecution of the

12

action altogether.' " (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 730 (*Bruns*).) The trial continuance did not toll the time that the five-year period ran, and the trial court properly found that the five year and six month time period ran warranting dismissal pursuant to section 583.310.

Plaintiff also claims that pursuant to section 583.340, subdivision (c), the time period was tolled for 343 days between August 30, 2021, and August 8, 2022, because the trial court was away from the court and unavailable making it impossible, impracticable or futile to proceed with trial.

"Under 583.340(c), the trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting [his] case.' " (*Bruns, supra,* 51 Cal.4th at p. 730.) " 'Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation' " of section 583.340, subdivision (c). (*Bruns*, at p. 731.) "To avoid dismissal under the section 583.340, subdivision (c) exception, a plaintiff must prove (1) a circumstance establishing impossibility, impracticability, or futility, (2) a causal connection between the circumstance and the failure to move the case to trial within the five-year period, and (3) that [he] was reasonably diligent in prosecuting [his] case at all

stages in the proceedings." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 323.)

"The plaintiff bears the burden of proving that the circumstances warrant application of the section 583.340(c) exception." (*Bruns, supra,* 51 Cal.4th at p. 731.) " 'The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion.' " (*Gaines, supra*, 62 Cal.4th at p. 1100.)

In *Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, the court considered the finding of an impossible or impracticable circumstance under section 583.340, subdivision (c), when courtrooms were closed for 16 months due to the Covid pandemic, and a 42-day continuance was needed to set the matter for trial. During the five-year period, plaintiffs requested several trial continuances. The trial court granted dismissal pursuant to section 583.310 based on the five-year period expiring prior to the trial commencing. (*Id.* at pp. 243-247.) On appeal, the appellate court found the trial court "acted well within its discretion in determining that the courtroom closure and trial continuance at issue did not make it illegally impossible or impractical for plaintiffs to commence trial in a timely fashion. Rather, plaintiffs' failure to timely commence trial was due to a lack of reasonable diligence, i.e., they were never ready for trial during the relevant periods." (*Oswald*, at pp. 247-248.) The appellate court concluded, "We will not accept plaintiffs' repeated invitation to adopt the absurd rule that time to commence trial is tolled under section 583.340(c) whenever a courtroom is not available for trial *without consideration of a plaintiff's readiness for trial*." It noted that the plaintiffs were

14

never ready to proceed to trial during any period, and that the plaintiffs were not precluded from moving the litigation forward by conducting pretrial discovery and depositions. (*Id.* at p. 248-249.)

Here, Plaintiff failed to show that the courtroom was unavailable for the 343 days. The minute order is the only evidence of the reasons for the continuance of the trial. While the minute order states that the trial court was unavailable, it certainly did not support that the trial court was unavailable during the entire time period. In fact, it is reasonably interpreted to mean that the trial court was unavailable to conduct the 10-day trial starting on August 30, 2021.

Plaintiff relies on *Chin v. Meier* (1991) 235 Cal.App.3d 1473 to support his claim that where a courtroom is unavailable, that time must be subtracted from the five-year time period. In *Chin*, the appellate court found "[F]or purposes of the five-year limitation period, a court-ordered continuance when both sides announce 'ready' and no courtroom is available is to be treated as a discrete tolling event." (*Id.* at p. 1478.) This does not apply to Plaintiff as he never announced he was ready to proceed to trial during any of the time the case was pending.

Moreover, Plaintiff failed to show that this interfered with his ability to move the case forward. As stated *ante*, Plaintiff was still noticing depositions during this time period and objecting to Defendants' notice of depositions.[6]

---

[6] In the reply brief, Plaintiff argues for the first time that the discovery was cut off during this time period relying on section 2024.020, subdivision (b). That section provides that discovery is cut off 30 days prior to the setting of the first trial date and is

*[footnote continued on next page]*

Further, as noted by the trial court, Plaintiff was never ready to proceed to trial, showing that he was not diligent during the entire proceeding. When the trial readiness conference occurred on August 4, 2022, Plaintiff sought a continuance, which was granted, to March 20, 2023.[7] At the trial readiness conference on March 16, 2023, Plaintiff asked for a continuance again, which put the date for trial to September 5, 2023. On July 28, 2023, Plaintiff filed a request to continue the September trial, which was taken off calendar on July 31, 2023, after Defendants' attorney indicated that the time to try the case would expire August 8, 2023. Plaintiff never stated that he was prepared to try the case during the statutory period and continuously blocked Defendants' efforts to depose his expert.

Based on the foregoing, Plaintiff failed to meet his burden of showing that he "exercised reasonable diligence in prosecuting [his] case at every stage of the proceedings, or that [he] used every reasonable effort to bring the matter to trial within the five-year period." (*Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1340.) The trial court was well within its discretion to find that Plaintiff failed to meet his burden of showing it

---

not extended due to a continuance. We will not consider this argument made for the first time in the reply brief. (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 275-276.) Nonetheless, it is not dispositive of whether the action was stayed at the time, as former section 599 was effective, which extended discovery deadlines when a matter was continued.

[7] In his reply brief, Plaintiff insists that the continuance between August 30, 2021, and August 8, 2022, was "not a usual and reasonable time to wait for a place on the court's calendar." (Boldface, underscore and italics omitted.) However, Plaintiff himself later agreed to a seven-month continuance. The continuance was not necessarily for an unusual amount of time.

was impracticable, impossible or that it was futile to bring the case to trial within the meaning of section 583.340, subdivision (c).

## DISPOSITION

The order is affirmed.  Defendants are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

17