Filed 10/22/25  Merchant Advance Pay v. Choi CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MERCHANT ADVANCE PAY, INC., Plaintiff and Appellant, v. TAI YOUNG CHOI, Defendant and Respondent. | G063992 (Super. Ct. No. 30-2017-00952223) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David J. Hesseltine, Judge. Affirmed.

Decker Law, James Decker, and Aisling Gorman for Plaintiff and Appellant.

Benice Law and Jeffrey S. Benice for Defendant and Respondent.

Merchant Advance Pay, Inc. challenges the dismissal of its action against Tai Young Choi under the five-year rule (Code Civ. Proc., § 583.310), contending the period had not expired or the rule was unenforceable.[1] It asserts (1) the order vacating the trial date amounted to a stay of trial under section 583.340, subdivision (b); (2) the order amounted to a stay of prosecution under the same provision; (3) it was impossible, impracticable, or futile to bring the case to trial under section 583.340, subdivision (c); (4) the parties had stipulated to extend the five-year period under section 583.330; and (5) Choi was equitably estopped from invoking the five-year rule. Like the trial court, we conclude nothing tolled, extended, or excused the five-year period. We therefore affirm.

FACTS

Merchant filed this action against Choi in October 2017. There is no dispute the five-year deadline, tolled six months by the pandemic, would have expired (unless further tolled) in April 2023.

Three weeks before the August 2019 trial date, Merchant applied ex parte to continue trial pending resolution of consolidated cases it initiated in the Los Angeles Superior Court (the "*Mizu*" litigation). It claimed, "[I]t makes good sense to have the [*Mizu*] case tried first as that will resolve . . . the issue of whether or not [Merchant] engaged in any misconduct, which is a pivotal issue in both cases." It asked for "a trial continuance to beyond January 2020."

With its motion, Merchant filed a stipulation between the parties. The parties "agree[d] that trial should be continued to a date after the [*Mizu*]

---

[1] Statutory references are to the Code of Civil Procedure.

2

matter is finally resolved" and stipulated "the trial date shall be continued to the date set forth in the Court's final order."

The trial court (Judge Robert J. Moss) granted the ex parte application "in part" without signing the stipulation. Instead of continuing the trial to a specific date, the court "vacated" the trial date and ordered: "Trial to be re-rescheduled at a later date when the Los Angeles cases are resolved." It set a status conference to "determine status of Los Angeles County cases" for December 2019.

Over the next three years, the court held and continued several status conferences. The parties stipulated to continue two conferences—from August 2020 to November 2020 and from November 2021 to July 2022. During this time, Merchant obtained the court's leave to file an amended complaint and did so. Choi answered.

Choi moved to dismiss this action based on the five-year rule in June 2023. In opposition, Merchant claimed (1) equitable estoppel barred Choi from invoking the rule, as he had agreed to delay trial, and (2) bringing the case to trial had been impossible, impracticable, or futile. Merchant also asserted, in a conclusory fashion, that "this case has been stayed."

The trial court (Judge David J. Hesseltine) asked for supplemental briefing, heard argument, took the matter under submission, and issued a four-page, single-spaced order granting the motion. First, after thoroughly reviewing the facts and case law, the court found the stipulation did not extend the five-year rule because it did not "'postpone the trial to a specific date that is beyond the [five-year] statutory period.'" Next, it noted the stipulation "did not prevent either side from otherwise taking any action to advance this case"—notably, "[p]laintiff filed a motion for leave to amend its complaint without seeking to lift any purported stay." Finally, it rejected

3

the claim that *Mizu* made this case impracticable to try, finding that Merchant had not shown reasonable diligence in prosecuting either case.

DISCUSSION

We find no fault in the trial court's thoughtful, carefully researched order granting the motion. Under the five-year rule, plaintiffs must generally bring their actions to trial within five years after commencing them. (§ 583.310.) If they don't, the action must be dismissed. (§ 583.360, subd. (a).) We conclude nothing tolled or extended the five-year period here.

First, the trial court's order did not stay the "trial of the action" under section 583.340, subdivision (b).[2] In discussing a stay of trial, our Supreme Court explained that a stay "refers to those postponements that freeze a proceeding for an indefinite period, until the occurrence of an event that is usually extrinsic to the litigation and beyond the plaintiff's control." (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1092.) In *Gaines*, the court found this definition inapplicable to its facts, concluding the trial was not stayed by mediation and a 120-day "stay" that allowed certain litigation activity, even though the trial court had vacated the trial date. (*Id.* at p. 1093.) It put great weight on the fact that "[n]either of the contingencies was extrinsic to the litigation. Both were agreed to by the parties and totally within their control." (*Ibid.*) And it noted the trial "was not continued

---

[2] Merchant did not fully develop below the argument it now asserts—that the court's order vacating the trial date amounted to a stay of the *trial*. As another court stated about the same unpreserved contention, "we regard it as unfortunate that the issue was not tendered to the trial court, which can hardly be expected to search out issues the parties do not raise." (*Holland v. Dave Altman's R.V. Center* (1990) 222 Cal.App.3d 477, 481, fn. 5 (*Holland*).) But like that court, we exercise our discretion to decide this pure issue of law. (*Ibid.*)

indefinitely"; the order "identified a date certain to resume proceedings by calendaring a . . . trial-setting conference." (*Id.* at pp. 1093–1094.)

The facts here fit neatly into *Gaines*'s analysis. As in *Gaines*, the contingency for which the trial date was vacated was not truly extrinsic. The *Mizu* litigation involved the same plaintiff (Merchant) and closely related claims—so much so that the parties agreed their resolution would affect the litigation here. As in *Gaines*, the parties agreed to the delay and Merchant retained significant control as the *Mizu* plaintiff over the *Mizu* litigation timeline. And as in *Gaines*, the trial court identified a date to resume proceedings by calendaring a conference at which it could set a trial date— here, a status conference. Indeed, during this time, the trial court gave Merchant leave to amend its complaint, demonstrating its intent to keep this case on track.

This case is unlike *Holland*, where the appellate court held that vacating the trial date amounted to a stay of trial. (*Holland, supra*, 222 Cal.App.3d at p. 482.) There, the trial court continued trial pending appeal of an order quashing service on one of the defendants. (*Id.* at pp. 479–480.) Unlike the full-scale litigation in the *Mizu* case here, an appeal proceeds on a more rigid and predictable timeline and is far less subject to the litigants' control. And rather than identify a date to resume proceedings, the trial court in *Holland* took the case entirely off calendar. (*Id.* at p. 481.) Under those facts, it made sense to deem the trial court's order a stay of trial. Not so here.

Second, there was also no stay of the "[p]rosecution" under section 583.340, subdivision (b). Such a stay requires a total suspension of "'*all* proceedings in the action.'" (*Gaines, supra*, 62 Cal.4th at p. 1094.) The trial court here never suspended all proceedings—as the court noted, it granted Merchant leave to file an amended complaint and Merchant did so.

5

There was therefore no stay of prosecution of the action. (See *id.* at pp. 1094–1095 [no stay where parties ordered to respond to pending discovery and participate in mediation].)

Third, the trial court permissibly concluded it was not "impossible, impracticable, or futile" to bring the case to trial under section 583.340, subdivision (c). "'The question of impossibility, impracticability, or futility is best resolved by the trial court, which "is in the most advantageous position to evaluate these diverse factual matters in the first instance.""'" (*Gaines, supra,* 62 Cal.4th at p. 1100.) Tolling under this provision requires ""'a period of impossibility, impracticability or futility, *over which plaintiff had no control*'"'" (*Gaines, supra*, 62 Cal.4th at p. 1102), and a showing of the plaintiff's reasonable diligence (*id.* at p. 1100). But Merchant requested the delay and nothing suggests the court would not have vacated its order at Merchant's request. (See *id.* at p. 1104 [no tolling because there was "no reason to believe that the stay, entered at the parties' request, could not have been similarly vacated at their request"].) And Merchant makes no showing compelling a conclusion that it was reasonably diligent in bringing the *Mizu* case to trial so that this action could proceed.

Fourth, the parties' stipulations did not toll or extend the five-year period under section 583.330. Generally, to extend the five-year period, stipulations must either expressly waive the five-year rule or continue the trial to a specific date beyond the five-year period. (*Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, 360.) Neither occurred here.

Merchant's assertions that the stipulations nevertheless extended the five-year period are unpersuasive. Initially, it misreads *Hunt v. United Artists Studio, Inc.* (1947) 79 Cal.App.2d 619, contending it holds that stipulations asking the court to decide on a new trial date "remain[] in full

6

'force and function' *until* a trial date is set." *Hunt* merely held that a stipulation to continue trial to a date determined by the court was exhausted by the court's order setting a trial date, meaning that later postponements were not based on the stipulation. (*Id.* at p. 622.) It did not hold that a stipulation necessarily remains in force until the court sets a date. Here, the stipulation was exhausted when the court vacated the trial date without setting a new one. Next, Merchant places undue weight on certain cases' statements that a stipulation must be effectuated if it "'reflects a mutual intent to defer the proceedings.'" (E.g., *Munoz, supra,* 238 Cal.App.4th at p. 361.) Our Supreme Court has clarified that open-ended extensions preclude mandatory dismissal if the defendant obtains that extension "for his benefit and at his request." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 332.) That is not what happened here: the open-ended extension was not for Choi's benefit or at his request.

Finally, the trial court reasonably concluded that Choi was not equitably estopped from invoking the five-year rule. (See *Gaines, supra*, 62 Cal.4th at p. 1098 [reviewing equitable estoppel determination for substantial evidence].) Merchant unpersuasively claims Choi "'lull[ed] [it] into a false sense of security'" by stipulating to continue the trial and the status conference. His stipulations in 2019 (for a trial date "beyond January 2020"), mid-2020 (for a status conference in November 2020), and late 2021 (for a conference in July 2022) made no mention of the five-year rule and should not have led Merchant to believe he would give up his right to dismissal in mid-2023. (*Id.* at p. 1098 [no estoppel where parties' communications did not "reflect an understanding that the five-year statute would be tolled"].)

In short, nothing tolled or extended the five-year period. Accordingly, the trial court properly granted Choi's motion to dismiss this action under section 583.360.

## DISPOSITION

The judgment is affirmed. Choi is awarded costs on appeal.


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.